Justice Thomas,
concurring.
Although I join the Court’s opinion, I write separately to express my serious doubt that the Constitution permits us to adjudicate cases in this area. Despite the Court’s repeated holdings that “[t]he Due Process and Commerce Clauses forbid the States to tax ‘extraterritorial values,’” ante, at 19 (quoting Container Corp. of America v. Franchise Tax Bd., 463 U. S. 159, 164 (1983)), I am not fully convinced of that proposition.
To the extent that our decisions addressing state taxation of multistate enterprises rely on the negative Commerce *33 Clause, I would overrule them. As I have previously explained, this Court’s negative Commerce Clause jurisprudence “has no basis in the Constitution and has proved unworkable in practice.” United Haulers Assn., Inc. v. Oneida-Herkimer Solid Waste Management Authority, 550 U. S. 330, 349 (2007) (Thomas, J., concurring in judgment).
The Court’s cases in this area have not, however, rested solely on the Commerce Clause. The Court has long recognized that the Due Process Clause of the Fourteenth Amendment may also limit States’ authority to tax multistate businesses. See Adams Express Co. v. Ohio State Auditor, 165 U. S. 194, 226 (1897) (concluding that because “[t]he property taxed has its actual situs in the State and is, therefore, subject to the jurisdiction, and ... regulation by the state legislature,” the tax at issue did not “amoun[t] to a taking of property without due process of law”). I agree that the Due Process Clause requires a jurisdictional nexus or, as this Court has stated, “some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax.” Miller Brothers Co. v. Maryland, 347 U. S. 340, 344-345 (1954); see ante, at 24. But apart from that requirement, I am concerned that further constraints — particularly those limiting the degree to which a State may tax a multistate enterprise — require us to read into the Due Process Clause yet another unenumerated, substantive right. Cf. Troxel v. Granville, 530 U. S. 57, 80 (2000) (Thomas, J., concurring in judgment) (leaving open the question whether “our substantive due process cases were wrongly decided and... the original understanding of the Due Process Clause precludes judicial enforcement of unenumerated rights”).
Today the Court applies the additional requirement that there exist “a rational relationship between the tax and the values connected with the taxing State.” Ante, at 24 (internal quotation marks omitted); see also Moorman Mfg. Co. v. Bair, 437 U. S. 267, 273 (1978) (requiring that “the income attributed to the State for tax purposes ... be rationally *34 related to Values connected with the taxing State’ ” (quoting Norfolk & Western R. Co. v. Missouri Tax Comm’n, 390 U. S. 317, 325 (1968))). In my view, however, it is difficult to characterize this requirement as providing an exclusively procedural safeguard against the deprivation of property. Scrutinizing the amount of multistate income a State may apportion for tax purposes comes perilously close to evaluating the excessiveness of the State’s taxing scheme — a question the Fourteenth Amendment does not grant us the authority to adjudicate. See, e. g., Stewart Dry Goods Co. v. Lewis, 294 U. S. 550, 562 (1935) (“To condemn a levy on the sole ground that it is excessive would be to usurp a power vested not in the courts but in the legislature, and to exercise the usurped power arbitrarily by substituting our conceptions of public policy for those of the legislative body”). Indeed, divining from the Fourteenth Amendment a right against disproportionate taxation bears a striking resemblance to our long-rejected Lochner-era precedents. See, e. g., Lochner v. New York, 198 U. S. 45, 56-58 (1905) (invalidating a state statute as an “unreasonable, unnecessary and arbitrary interference with the right of the individual... to enter into those contracts ... which may seem to him appropriate or necessary”). Moreover, the Court’s involvement in this area is wholly unnecessary given Congress’ undisputed authority to resolve income apportionment issues by virtue of its power to regulate commerce “among the several States.” See U. S. Const., Art. I, §8, cl. 3.
Although I believe that the Court should reconsider its constitutional authority to adjudicate these kinds of cases, neither party has asked us to do so here, and the Court’s decision today faithfully applies our precedents. I therefore concur.